UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN TAUBMAN, | ) | CASE NO. 1:23-cv-00648 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| LADRX CORP., *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint. (R. 3). For the following reasons, the Court GRANTS Defendants' Motion and dismisses this action for lack of personal jurisdiction.

**I. Facts**

Plaintiff Brian Taubman—a resident of Cleveland, Ohio—purchased 38,305 shares of common stock of Defendant LadRx Corporation in or around 2013.[1] (R. 1, PageID# 9–10 ¶¶ 2, 11–12). Defendant LadRx is a publicly traded biopharmaceutical Delaware corporation with its principal place of business in California. (R. 1, PageID# 9 ¶ 3; R. 3-1, PageID# 35, 42). Defendant Stephen Snowdy is LadRx's Chief Executive Officer; although he sometimes works

---

[1] Although Plaintiff named CytRx Corporation as a separate Defendant in this action (*see* R. 1, PageID# 10 ¶ 7), Defendants explain that in 2022, CytRx Corporation changed its name to LadRx Corporation, so LadRx and CytRx are the same entity. (R. 3-1, PageID# 34). Since Plaintiff does not dispute this explanation, the Court analyzes Defendants' Motion with the understanding that LadRx and CytRx are the same entity.

at LadRx's California offices, he primarily works remotely from his home in Georgia. (R. 1, PageID# 1 ¶ 4; R. 3-1, PageID# 35; R. 3-2, PageID# 56 ¶ 12). Defendant John Y. Caloz is LadRx's Chief Financial Officer and Senior Vice President; he lives and works in Washington State.[2] (R. 1, PageID# 9 ¶ 5; R. 3-1, PageID# 35–36; R. 3-3, PageID# 60 ¶ 12).

On May 19, 2022, LadRx's board of directors declared a dividend on a series of the corporation's preferred stock,[3] which according to Plaintiff, "effectively diluted the value of the common stock owned by [LadRx's] shareholders." (R. 1, PageID# 10 ¶¶ 13–14). As a result, Plaintiff alleged that common shareholders suffered losses of approximately $1.5 million and $1 million in the quarters ending in March and June 2022, respectively. (*Id.*). Plaintiff further alleged that Defendant LadRx subsequently renewed Defendant Snowdy's and Defendant Caloz's employment agreements—for salaries of $520,000 and $416,000, respectively—which also "diluted the value of [LadRx's] shares currently held by shareholders." (*Id.*, PageID# 10–11 ¶¶ 15–17).

## II. Procedural Background

Plaintiff originally brought this derivative action in the Cuyahoga County Court of Common Pleas alleging that (i) Defendant LadRx's issuance of a dividend breached its fiduciary duties of care and loyalty to the corporation and its shareholders, and (ii) Defendants Snowdy

---

[2] In the Complaint, Plaintiff alleged that Defendants Snowdy and Caloz reside in California (R. 1, PageID# 9 ¶¶ 4–5). However, Defendants filed affidavits from Snowdy and Caloz explaining that they live and work in Georgia and Washington State, respectively. (R. 3-2, PageID# 56 ¶ 12; R. 3-3, PageID# 60 ¶ 12). Since Plaintiff does not dispute these assertions and they have no bearing on the Court's instant analysis, the Court will proceed with the understanding that Defendant Snowdy lives Georgia and Defendant Caloz lives in Washington State.

[3] Elsewhere in the Complaint, Plaintiff referred to the dividend as a "reverse stock split" (R. 1, PageID# 12 ¶ 23), which appears to be an inadvertently incorrect description: nowhere else in the Complaint or the briefing of the instant Motion do the parties refer to anything at issue other than a dividend.

2

and Caloz were unjustly enriched by the renewal of their employment contracts. (*Id.*, PageID# 11–12 ¶¶ 11–30). Defendants removed the action to this Court on the basis of diversity jurisdiction. (*Id.*, Page# 1–5); 28 U.S.C. § 1332(a). Thereafter, Defendants moved to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that the Court lacks personal jurisdiction over Defendants because Defendants each lack sufficient contacts with Ohio and Plaintiff failed to properly serve them. (R. 3-1, PageID# 37–47). Separately, Defendants contend that this action should be dismissed pursuant to Rule 12(b)(3) for improper venue. (R. 3-1, PageID# 47–52). The Motion is fully briefed, as Plaintiff has filed an Opposition and Defendants a Reply. (R. 6; R. 7)

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a defendant where the Court lacks personal jurisdiction over the defendant. The plaintiff bears the burden of making a *prima facie* showing that this Court has personal jurisdiction over each defendant independently. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). In the face of a supported motion to dismiss, the plaintiff may not rest upon its pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting personal jurisdiction of the court over the defendant. *Theunissen*, 935 F.2d at 1458. Where a district court rules on a jurisdictional motion to dismiss made pursuant to Rule 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in the light most favorable to the nonmoving party. *Beydoun*, 768 F.3d at 504.

To assert personal jurisdiction over a nonresident defendant, a federal court with subject matter jurisdiction pursuant to either 28 U.S.C. § 1331 or § 1332 must find that (i)

the defendant is amenable to service of process under the forum state's long-arm statute, and (ii) the exercise of personal jurisdiction will not deny defendant Due Process. *See Theunissen*, 935 F.2d at 1459; *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002); *see also Chapman v. Lawson*, 89 F. Supp. 3d 959, 970 (S.D. Ohio 2015) ("Under Ohio law, personal jurisdiction over non-resident defendants exists only if: (1) Ohio's long-arm statute confers jurisdiction, *and* (2) the requirements of the federal due process clause are met." (emphasis in original) (citation omitted)). Service under Ohio's long-arm statute is governed by Ohio Revised Code § 2307.382(A).

The Due Process inquiry requires determining "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen*, 935 F.2d at 1459 (*quoting Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)). This requires that the defendant be shown to have minimum contacts with the forum state, ensuring that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Even if a defendant's contact with the State of Ohio satisfies Ohio's long-arm statute, personal jurisdiction fails unless exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. *See Theunissen*, 935 F.2d at 1459.

Personal jurisdiction exists in two forms: "general" or "specific." *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction exists over a defendant when their "contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant

even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).

Specific jurisdiction exists when a plaintiff's claims arise out of or relate to a defendant's contacts with the forum state, that is, there is a nexus between a defendant's contacts in the forum state and the plaintiff's claims. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997); *Conti*, 977 F.2d at 981. Specific jurisdiction comprises three elements, all of which must be satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012) (*quoting Bird*, 289 F.3d at 874). A defendant purposefully avails himself of the laws of the forum state "when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (emphasis omitted) (internal quotation marks omitted) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). A defendant does not need to have a physical presence in the forum state for personal jurisdiction to attach. *Id.* at 1264. When a defendant's actions are "purposefully directed" toward residents of the forum state, the defendant can be considered to be transacting business in that state. *Id.* (*quoting Burger King*, 471 U.S. at 476).

### IV. Discussion

This matter must be dismissed because the Court may not exercise personal jurisdiction over Defendants—non-Ohio residents who lack the minimum contacts with Ohio necessary to satisfy the Due Process analysis. Consequently, the Court need not consider Ohio's long-arm statute because—even if Plaintiff had demonstrated the Court may exercise personal jurisdiction over Defendants pursuant to that statute—Defendants lack of minimum contacts with Ohio necessitates dismissal.

Plaintiff either concedes or does not dispute the following: Defendant LadRx is a Delaware corporation with its principal place of business—in fact, its *only* place of business—in California. (R. 1, PageID# 9 ¶ 3; R. 3-2, PageID# 55 ¶¶ 3, 6; R. 3-3, PageID# 59 ¶¶ 3, 6). All of Defendant LadRx's business assets and records are in California (R. 3-2, PageID# 56 ¶¶ 9–10; R. 3-3, PageID# 60 ¶¶ 9–10), and it has never conducted, or is currently soliciting, business in Ohio. (R. 3-2, PageID# 55–56 ¶¶ 7, 11; R. 3-3, PageID# 60 ¶¶ 7, 11). Moreover, LadRx's only two employees—Defendants Snowdy and Caloz (R. 3-2, PageID# 56 ¶ 8; R. 3-3, PageID# 60 ¶ 8)—do not live, work, or own property in Ohio, nor have they traveled to Ohio since becoming employees of LadRx. (R. 3-2, PageID# 56 ¶¶ 12–15; R. 3-3, PageID# 60 ¶¶ 12–15). All these facts severely undercut the assertion that any defendant in this action had the requisite minimum contacts with Ohio so that the Court can exercise personal jurisdiction over them—indeed, it appears that Defendants have had no contact with Ohio.

Plaintiff raises just one argument in support of his position that personal jurisdiction is proper here: LadRx is a publicly traded company that is listed on the

NASDAQ,[4] and Plaintiff, an Ohio resident, purchased shares of LadRx's stock, therefore, Defendant has established the necessary minimum contacts with the forum state for jurisdictional purposes. (R. 6, PageID# 96). But Plaintiff offers no legal justification for such a theory, for either general or specific personal jurisdiction.

As to general jurisdiction, the Sixth Circuit has concluded that "there appears to be no authority for the proposition that a sale of stock to the general public that includes residents of the forum state constitutes 'continuous and systematic' contact with that state sufficient to confer general personal jurisdiction." *Indah v. SEC*, 661 F.3d 914, 923 (6th Cir. 2011). In fact, the Sixth Circuit has favorably cited authority to the contrary. *Id.*; *see Sheldon v. Khanal*, 605 F. Supp. 2d 1179, 1185 (D. Kan. 2008) ("[P]laintiffs cite no authority for the proposition that the sale of shares of stock through a public exchange supports the exercise of general jurisdiction, and the Court rejects that notion."); *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 425–26 (E.D. Pa. 2005) ("The sale of shares of [defendant's] stock to the national public through the [New York Stock Exchange] does not constitute continuous and systematic contacts with Pennsylvania and is not sufficient to establish general personal jurisdiction over [defendant] in Pennsylvania."); *see also Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000) ("[T]he prevailing caselaw accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those listings . . . without thereby subjecting themselves to New York

---

[4] Defendants clarify that LadRx is not listed on the NASDAQ but is "instead traded through the 'over-the-counter' dealer network." (R. 7, PageID# 109). However, Defendants further explain that for the purposes of the instant Motion, the analyses are effectively the same and the Court can proceed as though LadRx is listed on the NASDAQ. (*Id.*).

7

jurisdiction for unrelated occurrences."). Accordingly, Plaintiff's argument—that Defendants are subject to the Court's general personal jurisdiction in Ohio merely because LadRx's shares are publicly listed and available for purchase there—is not persuasive.

The Court also lacks specific personal jurisdiction over Defendants. The public listing of LadRx's shares and their availability for sale to the general population is not conduct "purposefully directed" at Ohio, so LadRx did not avail itself of this forum. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 878, 885–86 (2011) (holding that New Jersey could not exercise personal jurisdiction over a British manufacturer that directed its sales efforts at the United States generally, but not directly at New Jersey, although the machine at issue in the case ended up in New Jersey). Other than Plaintiff's purchase of Defendant LadRx's publicly-listed stock, there are no facts connecting LadRx to Ohio—let alone Defendants Snowdy and Caloz, who do not live, work, or travel to the State.

As the Sixth Circuit reasoned in *Indah*, if the Court were to accept Plaintiff's argument, it would "subject nearly every public company to personal jurisdiction in all 50 states," or at least those States in which any one citizen purchases a company's stock. *Indah*, 661 F.3d at 932 (alteration omitted) (internal quotation marks omitted). Moreover, the alleged causes of action in this case—breaches of duty of care and loyalty for LadRx's issuance of a dividend, and unjust enrichment for the renewal of Snowdy's and Caloz's employment agreements—do not arise out of Plaintiff's purchase of LadRx's stock. Here, Plaintiff complains about LadRx's business decisions—apparently made in California—which are unrelated to Plaintiff's purchase of stock in Ohio. Therefore, the

Court lacks specific personal jurisdiction over all Defendants in this action.

Having established that the Court lacks personal jurisdiction over Defendants, the Court need not consider Defendants' alternative arguments that the Court lacks jurisdiction because Defendants were not properly served, and that venue is improper in Ohio. (R. 3-1, PageID# 38–41, 47–52).

## V. Conclusion

Defendants' Motion to Dismiss (R. 3) is hereby GRANTED and this action is dismissed with prejudice for the foregoing reasons.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: February 22, 2024